# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-037-MOC-DCK

| | |
|---|---|
| THADIUS LEONARD BONAPART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NANCY BACA-STEPAN, FELICIA ) | |
| HEARD, ANN STENHOLM, and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 4). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

The undersigned entered a Roseboro Order on March 22, 2012 (Document No. 6) instructing Plaintiff to respond to "Defendant's Motion To Dismiss" on or before April 9, 2012. To date, no response has been filed and the time to do so has lapsed.

Moreover, it appears that Defendants have shown good cause for dismissal of this action, without prejudice to re-file. First, Defendants assert that they have not received proper service of a summons and complaint. (Document No. 5). Next, to the extent Plaintiff is asserting an action pursuant to 42 U.S.C. § 1983, Defendants argue that this statute does not apply to the United States or these individual defendants, who by the allegations of the Complaint were all federal officers or agents at the time of the alleged events. Id. Finally, Defendants concede that Plaintiff might proceed with a lawsuit against only the United States under 7 U.S.C. § 2023 (a)(13). Id.

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 4) be **GRANTED**. In the alternative, the undersigned recommends that "Defendant's Motion To Dismiss" (Document No. 4) be **DENIED WITHOUT PREJUDICE**, and Plaintiff allowed an opportunity to file an Amended Complaint.

### TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to *pro se* Plaintiff and the Honorable Max O. Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: April 20, 2012

David C. Keesler
United States Magistrate Judge